**Herman O. CROSS, Plaintiff,**

v.

**LARRY MAZZUCA BUICK–OPEL, INC., et al., Defendants.**

**No. 81–291C(1).**

United States District Court, E. D. Missouri, E. D.

Oct. 13, 1981.

Freeman R. Bosley, Legal Services of Missouri, St. Louis, Mo., for plaintiff.

Sanford Goffstein, James E. Hawk, Jr., Clayton, Mo., for defendants.

## MEMORANDUM

WANGELIN, Chief Judge.

This matter is before the Court upon plaintiff and defendants' cross motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that there exists no material issue of fact in this cause and that, therefore, each party deserves judgment on its claim.

Plaintiff's complaint alleges violations of the Truth-in-Lending Act, 15 U.S.C. § 1601 et seq. (1969) and the Federal Reserve Board Regulation Z, 12 C.F.R. § 226.1 et seq. (1969) in that on or about March 18, 1980 plaintiff purchased a 1977 Mercury Capri automobile for which defendant, Larry Mazzuca Buick-Opel, Inc., arranged for the extension of consumer credit to the plaintiff by defendant, General Motors Ac-

ceptance Corporation, (hereinafter GMAC). The contract executed by the parties evidencing this transaction was allegedly in violation of various provisions of the Act.

Plaintiff's first enumerated alleged violation of the Act is that defendant Larry Mazzuca Buick-Opel, Inc. (Mazzuca) failed to disclose the identity of GMAC as a creditor in violation of Regulation Z, 12 C.F.R. § 226.6(d). A creditor is defined within the Act as:

"Creditor" means a person who in the ordinary course of business regularly extends or arranges for the extension of consumer credit or offers to extend or arrange for the extension of such credit, which is payable by agreement, in more than four installments, or for which the payment of a finance charge is or may be required, whether in connection with loans, sales of property or services, or otherwise.

12 C.F.R. § 226.2(s). Defendant Mazzuca has admitted in its answer that it fulfills the status of a creditor. Plaintiff argues that the requirement in the Act that if there exists in a transaction more than one creditor then each creditor or lessor must be clearly identified. 12 C.F.R. § 226.6(d). Further, the identity of any additional creditors must be indicated on the copy of the instrument provided to the customer. Regulation Z, 12 C.F.R. § 226.8(a).

■ Plaintiff's allegation that Mazzuca failed to disclose the identity of GMAC as a creditor within the Act is met by defendants with the assertion that a copy of the installment sales contract attached to plaintiff's complaint has omitted the top ten lines of the actual installment sales contract executed between the parties. This fact was indicated by defendants' July 6, 1981 supplemental response to plaintiff's request for admissions. Defendants' copy of said installment contract indicates that the top portion of the form reads:

### INSTALLMENT SALE CONTRACT

The General Motors Acceptance Corporation at P. O. Box 14852, St. Louis, Mo., 63178, is a creditor in this sale transaction solely for the disclosure purposes of the Consumer Protection Act.

Plaintiff argues that the above term is confusing and misleading and therefore of no effect and does not comply with the disclosure provisions of the Act. Although it is axiomatic in this cause that the General Motors Acceptance Corporation was indeed a creditor within the meaning of the Act due to its close involvement, supervision, and control of this entire credit transaction, this Court cannot accept the contention that the above cited disclosure is in any way confusing or ineffective under the Act. It is difficult to envision a more lucid declaration that GMAC is a creditor within the meaning of the Act. The avowed purpose of the Truth-in-Lending Act is the "informed use of credit" and the "meaningful disclosure of credit terms", 15 U.S.C. § 1601. This Court will not attempt to read ambiguity into the plainly understandable disclosures made by Mazzuca and GMAC. It therefore cannot be said that defendants violated the Truth-in-Lending Act and Regulation Z, § 226.6(d) in failing to disclose the identity of GMAC as a creditor in this transaction.

■ Plaintiff's next contention is that required disclosures concerning the security interest in the automobile purchased by plaintiff were not made in a meaningful sequence within the meaning of Regulation Z, § 226.6(a). The installment sale contract provides for the description of the collateral—a used 1977 4-cylinder Mercury 2 door Capri—on the top portion of the installment contract. Midway down the contract is paragraph 12 which provides:

### DESCRIPTION OF SECURITY INTEREST

Seller retains a security interest under the Uniform Commercial Code in the above property to secure Buyer's obligation under this contract, including any future debt incurred hereunder. The security interest extends to the proceeds of the property, including proceeds and returned charges under any insurance or service contract financed hereunder.

In the view of the plaintiff, the description of the collateral (1977 Capri) and the rights withheld therein should be grouped together and thereby more clearly provide the debtor of an understanding of the rights being retained by the defendants.

The meaningful sequence requirement "... first requires groupings of logically related terms. Second, meaningful sequence requires that the terms in those groupings be arranged in a logically sequential order emphasizing the most important terms". *Allen v. Beneficial Finance Co. of Gary, Inc.*, 531 F.2d 797, 801 (7th Cir. 1976). The top portion of the contract provides for GMAC as a creditor. The contract next provides for the identification of the buyer and the seller, then the description of the property purchased. Thereunder, paragraphs 1 to 10 provide for the price, charges, annual percentage rate, finance charges and payment schedule, etc. Paragraph 11 describes nominal default charges in the event of late payment and paragraph 12 describes the security interest in "the above property". The only property described in the portion of the contract above paragraph 12 is the 1977 Mercury purchased by plaintiff and in which the security interest was held. The contract thereby provides for groupings of logically related terms and a logical sequence emphasizing the most important terms.

Under the first requirement of "meaningful sequence" it could be argued that paragraph 12 should lie directly under the description of the purchased automobile. This grouping would provide for the description of security interest above the terms of payment (paragraphs 1 through 10). This arrangement would hardly comply with the second requirement of a logical sequential order emphasizing the most important terms. The security interest is certainly less important to a potential creditor than the financial aspects of the sale (paragraphs 1–10). When taken as a whole this contract flows cleanly and provides for the ease of understanding which the Act seeks to compel. Plaintiff's attempt to characterize the terms describing the subject of the sale (the automobile) and the terms providing for the security interest as "scattered" throughout the contract must fail for want of a reasonable and fair reading of the terms of the entire document.

It is therefore proper that plaintiff must fail in its claims that defendants failed to disclose the identity of GMAC as a creditor in the violation pursuant to Regulation Z, § 226.6(d) and failed to make the required disclosures in a meaningful sequence in violation of the Act and Regulation Z, § 226.6(a). Since the parties have agreed that no material issue of fact remains in this cause, summary judgment is appropriate and will be entered in favor of defendants Larry Mazzuca Buick-Opel, Inc. and General Motors Acceptance Corporation.